JULIA YATES V. JAMES CASWELL, GUARDIAN.

Decided March 24, 1910.

**1.—Jury—Disregarding Evidence.**

   Where the verdict is in disregard of the direct evidence of an uncontradicted and unimpeached and disinterested witness, a new trial should be granted.

**2.—Same—Deed—Mortgage—Homestead.**

   The fact that a deed was upon its face an absolute conveyance does not furnish such contradiction to the evidence of a witness (the notary taking its acknowledgment) that the grantee agreed to reconvey on payment of a debt which it was given to secure, as to justify the jury in disregarding his testimony and finding the instrument to be an absolute conveyance, and not a mortgage, of grantor's homestead.

Appeal from the District Court of Smith County.    Tried below before Hon. R. W. Simpson.

*E. P. Price,* for appellant.—A contract in form of an absolute deed of conveyance, if executed to secure a debt, is a mortgage regardless of its terms.   Lehman v. Chatham Mach. Co., 28 Texas Civ. App., 228; Stampers v. Johnson, 3 Texas, 1-7.

Where the verdict of the jury is contrary to the undisputed evidence, the court is bound to grant a new trial.   McAfee v. Robertson, 41 Texas, 357; Gaines, Admr., v. Ann, 26 Texas, 342; Redus v. Burnett, 59 Texas, 580.

*Gentry & Castle,* for appellee.—Any statement made by a party to a suit bearing on the matter in controversy is admissible against him.   Edwards v. Osman, 84 Texas, 656; Warren v. Frederichs, 83 Texas, 383.   The court will observe from the evidence herein that Julia Yates, the appellant, had in another suit undertaken the cancellation of this deed and failing therein by her own testimony, she then undertook to establish facts by a witness whom she had heretofore testified was not present when the transaction was made.

HODGES, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by the appellee as the guardian of Annie and Addie Daniels, minor children of Ned Daniels, deceased, for the title and possession of a lot of land situated in the city of Tyler.   The appellant, defendant below, after a general demurrer, general denial and a plea of not guilty, answered specially claiming that the deed under which the appellee claims was executed by her in the form of an absolute conveyance, but that it was intended as a mortgage to secure certain indebtedness due from her to the father of the minor children represented by the guardian in this suit.   She asks that the deed be declared a mortgage.   From a verdict and judgment in favor of the appellee, Julia Yates prosecutes this appeal.

It is claimed that the evidence was insufficient to support the verdict of the jury.   The testimony on the part of the plaintiff in the suit consisted of a deed of general warranty purporting to convey the absolute title to the property in controversy, executed by the ap-

pellant, Julia Yates, to Ned Daniels, the father of the minors, on the 17th day of July, 1905. The consideration expressed in the deed was $50 paid. It was further shown that the appellee was the duly appointed guardian, and that the minors whom he represented were the children of the grantee in the deed referred to. The defendant in the suit offered in evidence the testimony of Joe J. White, the notary before whom the deed was acknowledged. White testified substantially as follows: That on the 17th day of July, 1905, he drew a warranty deed from Julia Yates to Ned Daniels, and took Julia Yates' acknowledgment to the same; that no others were present at the time except Yates and Daniels; that the parties agreed in his presence that the deed was to secure the payment of a note amounting to $20 held by another party, but had been purchased by Ned Daniels on that date; that Daniels agreed to deed the property back to Julia Yates when she fully paid the note with the interest. Witness told the parties at the time that it would be best to draw a deed of trust instead of a deed of conveyance; but they answered that they had already agreed on this form, and insisted that it be carried out. The deed shows on its face that it was executed and acknowledged on the same date and filed for record in the office of the county clerk on the succeeding day. It was further shown that the property in controversy was of the reasonable market value of from $300 to $500; that it had on it a three-room frame house. The witness was not sure whether the house was built upon the property before or after the execution of the deed. The lot is about 40 x 90 feet. Daniels went into possession of the land at the time of the execution of the deed, and held it until his death. In rebuttal the plaintiff offered testimony to show that on a former trial involving title to the same lot the appellant, Julia Yates, had testified that at the time the trade was made with Daniels and the deed executed no one was present except herself and Daniels. This is substantially all of the testimony.

We think the assignment should be sustained. That a deed absolute upon its face may be shown to be a mortgage is not now controverted. The jury could not have returned the verdict it did without ignoring the testimony of White entirely. This they might have done had there been a conflict between his statements and other evidence. But no such conflict as that is presented in the record. It is true the deed relied upon by appellee purported to be an absolute conveyance of the fee simple title, and standing alone, without any explanation, would have justified the jury in assuming that an investiture of such a title was the purpose of its execution. But the testimony of White, while not contradicting the terms of the deed, shows another portion of the agreement between Yates and Daniels of which the deed was only a part—that there should be a reconveyance of the title upon the payment of the debt. As to this portion of the transaction there is absolutely no conflict or contradiction in the record. Not only was there no dispute as to this agreement to reconvey, but White is corroborated by the fact that the consideration for which the deed purports to have been made was strikingly disproportionate to the value of the property conveyed.

We are unable to perceive any reason why the jury wholly disregarded White's testimony. There is nothing in the record which would indicate that he was not a credible witness. We think this is an instance in which the verdict was clearly wrong, and that the court below should have granted a new trial. For the error in refusing the motion the judgment is reversed and the cause remanded.

*Reversed and remanded.*